



**FILED**
**May 27, 2021**
**09:50 AM(CT)**
**TENNESSEE**
**WORKERS' COMPENSATION**
**APPEALS BOARD**

## TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Reazkallah Abdelshahaed | ) | Docket No. 2020-05-0836 |
| | ) | |
| v. | ) | State File No. 56254-2020 |
| | ) | |
| Taylor Farms, et al. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Dale A. Tipps, Judge | ) | |

---

### Affirmed and Remanded

---

The employee alleged a work-related repetitive injury to his right ring finger. He initially sought unauthorized medical treatment, and the physician providing that treatment opined the condition was "most likely work related." The employer provided a panel of physicians, and the authorized physician selected from the panel opined that the employee had "no specific history of injury and under Tennessee law this is not work related." Following an expedited hearing, the trial court concluded that both medical opinions were flawed and found the employee had not presented sufficient medical proof to establish he would likely prevail at trial. The employee has appealed. We affirm the trial court's decision and remand the case.

Judge Pele I. Godkin delivered the opinion of the Appeals Board in which Presiding Judge Timothy W. Conner and Judge David F. Hensley joined.

Reazkallah Abdelshahaed, LaVergne, Tennessee, employee-appellant, pro se

Peter S. Rosen, Nashville, Tennessee, for the employer-appellee, Taylor Farms

### Memorandum Opinion[1]

Reazkallah Abdelshahaed ("Employee") was employed by Taylor Farms ("Employer") when he allegedly suffered a work-related repetitive trauma injury to his

---

[1] "The appeals board may, in an effort to secure a just and speedy determination of matters on appeal and with the concurrence of all judges, decide an appeal by an abbreviated order or by memorandum opinion, whichever the appeals board deems appropriate, in cases that are not legally and/or factually novel or complex." Tenn. Comp. R. & Regs. 0800-02-22-.03(1) (2020).

right ring finger.[2]  He initially sought unauthorized medical treatment with Dr. Adam Cochran, who took him off work for a period of time and provided a note indicating the "[t]rigger finger is most likely work related.  (51% more likely)."  Employer subsequently provided a panel of physicians from which Employee selected Dr. Joseph Weick on August 10, 2020.[3]  Dr. Weick examined Employee and agreed with Dr. Cochran's diagnosis of trigger finger in the right ring finger.  With respect to causation, Dr. Weick stated that there is "no evidence that this is specifically work related. [Employee] has no specific history of injury and under Tennessee law this is not work related, 0% work related."  Employer filed a notice of denial the following day based on the authorized physician's causation opinion.

Employee filed a petition for benefits on September 1, 2020, and a dispute certification notice was issued on November 12, 2020, identifying the disputed issues as compensability, medical benefits, and temporary disability benefits.  The document indicated compensability was disputed based on the authorized physician's causation opinion.  Following an expedited hearing, the trial court issued an order denying the requested benefits.  In reaching its conclusion, the court stated that both physicians' causation opinions were flawed.  In the trial court's view, Dr. Weick's opinion was based on a misunderstanding or misstatement of Tennessee law, and Dr. Cochran's opinion failed to address whether Employee's injury "was primarily caused by the work or merely related to it."  Accordingly, the court determined that Employee's proof was insufficient for the court to determine he would likely prevail at trial.  However, the court noted that even if the court were to accept the medical opinions, the result would be unchanged because Dr. Weick's causation opinion was entitled to a presumption of correctness and, without a sufficient contrary medical opinion, Employee had failed to rebut that presumption.  Employee has appealed.

Employee is self-represented in this appeal, as he was in the trial court.  Parties who decide to represent themselves are entitled to fair and equal treatment by the courts. *Whitaker v. Whirlpool Corp.*, 32 S.W.3d 222, 227 (Tenn. Ct. App. 2000).  However, as explained by the Court of Appeals,

> courts must also be mindful of the boundary between fairness to a pro se litigant and unfairness to the pro se litigant's adversary.  Thus, the courts must not excuse pro se litigants from complying with the same substantive

---

[2] Employee has not filed a transcript or joint statement of the evidence and has not filed a brief on appeal. Thus, we glean the facts from the trial court's order and other documents in the record.

[3] In its brief, Employer indicated that there is some dispute regarding when Employee reported the injury and the length of time it took for Employer to provide a panel.  Additionally, the record contains a discrepancy regarding the date of injury.  Employee's petition for benefit determination indicates a date of injury of May 21, 2020, while the documentation provided by Employer indicates a date of injury of August 7, 2020.  However, those issues are not in dispute in the present appeal.

and procedural rules that represented parties are expected to observe. . . . Pro se litigants should not be permitted to shift the burden of the litigation to the courts or to their adversaries.

*Hessmer v. Hessmer*, 138 S.W.3d 901, 903-04 (Tenn. Ct. App. 2003) (citations omitted).

In his notice of appeal, Employee appears to request that he be allowed to see a different physician, but he has not identified any appealable issues or explained how he believes the trial court erred. He also has not filed a brief or any other statement in support of his appeal, so we are unable to discern any factual or legal issues for review. As stated by the Tennessee Supreme Court, "[i]t is not the role of the courts, trial or appellate, to research or construct a litigant's case or arguments for him or her." *Sneed v. Bd. of Prof'l Responsibility of the Sup. Ct. of Tenn.*, 301 S.W.3d 603, 615 (Tenn. 2010). Indeed, were we to search the record for possible errors and raise issues and arguments for Employee, we would be acting as his counsel, which the law clearly prohibits. *Webb v. Sherrell*, No. E2013-02724-COA-R3-CV, 2015 Tenn. App. LEXIS 645, at *5 (Tenn. Ct. App. Aug. 12, 2015). As mandated by Tennessee Code Annotated section 50-6-239(c)(7), we must presume the trial court's factual findings are correct, unless the preponderance of the evidence is otherwise.

Moreover, Employee did not file a transcript or a statement of the evidence. Thus, "the totality of the evidence introduced in the trial court is unknown, and we decline to speculate as to the nature and extent of the proof presented to the trial court." *Meier v. Lowe's Home Centers, Inc.*, No. 2015-02-0179, 2016 TN Wrk. Comp. App. Bd. LEXIS 30, at *3 (Tenn. Workers' Comp. App. Bd. July 27, 2016). Consistent with established Tennessee law, we must presume that the trial court's rulings were supported by sufficient evidence. *See Leek v. Powell*, 884 S.W.2d 118, 121 (Tenn. Ct. App. 1994) ("In the absence of a transcript or a statement of the evidence, we must conclusively presume that every fact admissible under the pleadings was found or should have been found favorably to the appellee.").[4]

For the foregoing reasons, we affirm the decision of the trial court and remand the case. Costs on appeal are taxed to Employee.

---

[4] In reaching its decision, the trial court concluded Dr. Weick's opinion was not an accurate statement of the law, noting that "cumulative trauma and repetitive motion conditions may be compensable, so long as they arise primarily out of work." As noted above, the court also concluded Dr. Cochran's opinion was flawed because it did not "address whether the injury was primarily caused by the work or merely related to it." Under the circumstances, we agree with the trial court's conclusions regarding the expert medical proof presented at the expedited hearing.



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Reazkallah Abdelshahaed | ) | Docket No. 2020-05-0836 |
| | ) | |
| v. | ) | State File No. 56254-2020 |
| | ) | |
| Taylor Farms, et al. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Dale A. Tipps, Judge | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 27th day of May, 2021.

| Name | Certified Mail | First Class Mail | Via Fax | Via Email | Sent to: |
|---|---|---|---|---|---|
| Reazkallah Abdelshahaed | | | | X | reazkallahabdelshahaed@yahoo.com |
| Peter S. Rosen | | | | X | prosen@vkbarlaw.com |
| Dale A. Tipps, Judge | | | | X | Via Electronic Mail |
| Kenneth M. Switzer, Chief Judge | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | X | penny.patterson-shrum@tn.gov |

*Q. Yearwood*

Olivia Yearwood
Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-1606
Electronic Mail: WCAppeals.Clerk@tn.gov